UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RICHARD ANDREW WETMORE,

    Plaintiff,

        v.                                      CAUSE NO. 3:22-CV-268-JD-MGG

EDWARD SCHRODER, ANTHONY
BARTLING, and RACHEAL BAUGHAN,

    Defendants.

## OPINION AND ORDER

Richard Andrew Wetmore, a prisoner without a lawyer, filed a complaint alleging his recreation was cancelled on September 24, 2021, because he was talking in the hallway in violation of the rules of the Cass County Jail. ECF 5. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Wetmore alleges he has a First Amendment Free Speech right to talk in the hallway of the jail and that he was punished with the loss of recreation because he exercised that right. "To establish a prima facie case of unlawful retaliation, a plaintiff

must show (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Douglas v. Reeves*, 964 F.3d 643, 646 (7th Cir. 2020) (internal quotation marks and citation omitted). Because his talking in the hallway of the jail is not protected by the First Amendment, this complaint does not state a claim.

Wetmore was a pretrial detainee when this event occurred. "Prison walls do not form a barrier separating prison inmates from the protections of the Constitution." *Turner v. Safley*, 482 U.S. 78, 84 (1987). However, "simply because prison inmates retain certain constitutional rights does not mean that these rights are not subject to restrictions and limitations." *Bell v. Wolfish*, 441 U.S. 520, 545 (1979). "A [pre-trial] detainee simply does not possess the full range of freedoms of an unincarcerated individual." *Id*. at 546.

> In evaluating [Wetmore]'s speech under the legitimate penological interests test, our starting point is *Turner*, [where] the Supreme Court . . . discussed several relevant factors: whether a valid, rational connection exists between the regulation and the legitimate interest put forth to justify it; whether alternative means of exercising the right remain open to prison inmates; the impact accommodation of the asserted constitutional right will have on prison officials and inmates; and the availability of obvious, easy alternatives to the challenged regulation.

*Watkins v. Kasper*, 599 F.3d 791, 796–97 (7th Cir. 2010) (citations, quotation marks, and ellipsis omitted).

Talking is not the only restriction Wetmore faced while in the hallway. He explains, "you must stay on the white or yellow line during movement; keep to the

2

right of the proper color. When meeting or passing an officer, stop and face the wall with your hands behind your back." ECF 1-1 at 1. The security risks of moving inmates in the hallways of a jail are obvious. So too is the need for guards to be heard when they give orders. Restricting inmates from talking during movement in the hallway has a valid, rational connection with the legitimate interest in maintaining good order and security in the jail. Wetmore does not allege (and it is implausible to infer) that he is totally prohibited from talking at the jail. There are numerous other times when he can exercise his right to speak – such as during his recreation time and in his housing unit. Allowing him to talk in the hallway would make it more difficult for guards to maintain control of inmates during movement and increase the likelihood of violent confrontations for both staff and inmates. There is no indication there is an obvious, easy alternative way to allow inmates to freely talk during the brief times they are moving at the jail.

The no talking rule is content neutral. It prohibits talking without regard to the subject matter of the conversation. As the Supreme Court found in *Bell*, the rule is "a reasonable time, place and manner regulation that is necessary to further significant governmental interests." *Bell v. Wolfish*, 441 U.S. 520, 552 (1979) (quotation marks, brackets, and ellipsis omitted).

Wetmore objects that the no talking rule is only posted on signs in the hallway and is not listed in the inmate handbook. The constitution does not require inmate handbooks and it does not specify they be the sole mean of establishing and

3

communicating jail rules. The use of signs is a legitimate means of informing inmates that must not talk in the hallway.

This complaint does not state a claim for which relief can be granted. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED on August 17, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT